Cooper, by Next Friend, *v.* The Lake Erie and Western R. R. Co.

No. 16,523.

COOPER, BY NEXT FRIEND, *v.* THE LAKE ERIE AND WESTERN RAILROAD COMPANY.

RAILROAD.—*Personal Injury.—Complaint, Sufficiency of.—Riding at Sufferance.—Freight Train.—Assisting Brakeman for Right of Passage.—* In an action against a railroad company, for damages, the complaint shows that the plaintiff, a young man under twenty-one years of age, boarded a freight train, under arrangements with the conductor and brakeman, that he should assist the brakeman, so far as he could, in consideration of being permitted to ride from P. to M., and that while so assisting the brakeman, being ignorant of the dangers of the service, and without instructions, plaintiff was severely injured by the carelessness of the defendant's servants; failing to show any authority in the conductor or brakeman to employ assistance, or that there was an emergency therefor, and failing to show a custom, rule or regulation of the company, by which plaintiff might pay his way by working on the train, whereby he might be a passenger.

*Held,* that the complaint is insufficient.

From the Wells Circuit Court.

*E. R. Wilson* and *J. J. Todd,* for appellant.

*J. Morris, Sr., R. C. Bell, J. M. Barrett, S. L. Morris, J. B. Cockrum* and *W. E. Hackedorn,* for appellee.

HOWARD, C. J.—The complaint in this case shows, that the appellant is under twenty-one years of age; that he desired to go from the town of Poneto, in Wells county, to the city of Muncie; that appellee has a railroad running between said points, and that it carries passengers upon its freight trains.

In August, 1890, appellant got on one of said freight trains at the town of Poneto, under an arrangement with the conductor and brakeman who had charge of the train, that he should assist the brakeman, so far as he could, in consideration of being permitted to ride to Muncie. On the arrival of the train at Montpelier, it became nec-

essary to leave some cars on the side track, and the conductor and brakeman directed appellant to go upon a box car and set the brake thereon when the car had run the proper distance on the side track. This he did, when, without warning to him, the conductor and brakeman, employes of appellee, carelessly and recklessly ran another car against the car on which he was standing, with such force as to throw him off the top of said car and under the other car, thus injuring him severely, without any fault on his part, but wholly by the fault, want of ordinary care, and gross negligence of said employes of appellee.

It is further alleged that appellant was ignorant of the danger of the service in which he engaged, as said conductor and brakeman well knew, but that they did not inform or caution him in any manner or put him on his guard against accident, although such services were very dangerous, as they at the time well knew. Demanding damages, etc.

To this complaint the court sustained a demurrer.

Appellant's learned counsel have given us no sufficient reason to show why this ruling should be held incorrect. While the conductor and brakeman were in charge of the train, it does not appear that they had any authority to employ assistance in its management. No emergency is shown for the employment of appellant. Neither was appellant a passenger; for, even if he had a right to ride upon a freight train, it does not appear that he paid or offered to pay his fare. No custom, rule or regulation of the appellee company is shown by which appellant might pay his way by working on the train, assisting the brakeman or other employe. There is no theory suggested by counsel, and the court can see none, according to which the complaint might be held good. At most, the appellant was upon the train by the sufferance of the

conductor and brakeman, who were themselves without authority to so receive him. Any dangers to which he thus became exposed were wholly at his own risk. The company could become liable only for willful injury to him.

The judgment is affirmed.

DAILEY, J., took no part in the decision of this case.

Filed Jan. 30, 1894.