STALCUP BY NEXT FRIEND, *v.* LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

[No. 2,102.    Filed January 15, 1897.]

CARRIERS.—*Who is a Passenger.*—One who is riding on a railroad train, free of charge, by the "invitation and permission" of the conductor is not a passenger so as to entitle him to recover for injuries received.

RAILROADS.—*Master and Servant.*—One who is on a railroad train, performing labor without recompense, with the "acquiescence, knowledge, consent, and permission of the conductor and all other persons running and conducting the train" is not a servant toward whom the company owes any legal obligation; it not being shown that the conductor and others in charge of the train were authorized to employ such person to perform the labor in which he was engaged.

From the Greene Circuit Court.    *Affirmed.*

*William L. Slinkard,* for appellant.

*E. C. Field, W. S. Kinnan, C. E. Davis* and *W. V. Moffett,* for appellee.

WILEY J.—The appellant, being a minor, brought this action by his next friend, to recover damages, alleged to have been received while riding on appellee's railroad. The complaint is in two paragraphs, to each of which the appellee addressed a demurrer, which was sustained by the trial court, and an exception reserved. The appellant refusing to plead over, the court rendered judgment for appellee for its costs, and the appellant appealed. The error assigned is the sustaining of the demurrer to each paragraph of the complaint.

The first paragraph of the complaint avers that the appellee was the owner of and operating a line of railroad from Bedford, Indiana, to Swiss City, Indiana, passing through the town of Bloomfield, and engaged in carrying passengers and freight, on what was known and designated a "mixed train;" that a part of the line of said road was a bridge over White river, about forty feet high, and three hundred feet long; that on the fourth day of June, 1893, and for a long time prior thereto, the "plaintiff, by invitation and permission of the conductor and all others in control of said train, and with full knowledge and consent of all persons conducting the management of said train, was riding on said train, and for more than two years before said time, between said points, had been riding on said train for the purpose of being carried from said town of Bloomfield to said town of Swiss City, by said defendant; that said bridge, on said day, was composed of three spans; that the middle span was, on said day, rotten, decayed, weak, old, dangerous, and unsafe; that defendant on said day, and for more than six months prior thereto, had full knowledge of said condition of said span, and recklessly, negligently, and wantonly refused, neglected and failed to make the same safe and secure; * * * that on said day,

while riding on said train, said span on said bridge, without any fault or negligence on the part of the plaintiff, but wholly through the fault, negligence, recklessness, and wantonness of the defendant, gave way, broke, and tumbled into said White river, and the train and car on which plaintiff was riding, was thrown and fell into said river, a distance of forty feet, whereby he was seriously injured," etc.

It is strongly urged by counsel for appellant, in their very able brief, that each paragraph of the complaint is sufficient and that the court erred in sustaining the demurrer thereto.

From the parts of the complaint quoted in this opinion, it is apparent that the first paragraph proceeds upon the theory, that the plaintiff was upon the defendant's train, at the time of the accident, by the invitation, permission and consent of the conductor, who was in charge of it; that the plaintiff was without fault or negligence, and that the defendant is liable to respond in damages by reason of such facts. As it is averred that plaintiff was on defendant's train by the invitation of the conductor, to be carried from Bloomfield to Swiss City, in the absence of any contrary allegation, it is to be presumed that he was being carried free of charge. Do these facts constitute the relation of passenger and carrier? The answer to this inquiry will lead us to the solution of the question under consideration. The Supreme Court of Pennsylvania has given a very lucid definition of the term "passenger," as follows:

"A passenger, in the legal sense of the word, 'is one who travels in some public conveyance, by virtue of a contract, express or implied, with the carrier, as to the payment of fare or that which is accepted as an equivalent therefor.'" *Bricker* v. *Railroad Co.*, 132 Pa. St. 1, 18 Atl. 983, 19 Am. St. 585.

Stalcup by Next Friend, *v.* Louisville, etc., Railway Company.

"A passenger is a person whom a common carrier has contracted to carry from one place to another, and has, in the course of the performance of that contract, received under his care, either upon the means of conveyance, or at the point of departure of that means of conveyance." 2 Am. and Eng. Ency. of Law, p. 742; *Pennsylvania R. R. Co.* v. *Price*, 96 Pa. St. 256.

It is clear, therefore, from these authorities that the facts stated in the first paragraph of the complaint do not show that the appellant was a passenger, in the legal meaning of that term, on defendant's train. As averred in this paragraph, the appellant was upon the train "by the invitation and permission of the conductor."

The general rule is that conductors and other employes in charge of a train are not clothed with authority to invite persons to take passage with them as their guests, and especially is this true of conductors and employes of freight trains. In New York, it has been held that "the servants of the railway in charge of such trains have no implied authority to invite strangers to become passengers thereon, and in the absence of proof of express authority vested in the conductor, the acceptance of his invitation to ride thereon does not make a stranger a passenger. *Eaton* v. *Delaware, etc., R. R. Co.*, 57 N. Y. 382; *Waterbury* v. *New York, etc., R. R. Co.*, 17 Fed. 671; *Dunn* v. *Grand Trunk R. W. Co.*, 58 Me. 187, 4 Am. Rep. 267.

The complaint in the case now under consideration, avers, in the first paragraph, that appellant was on defendant's train by the "invitation and permission" of the conductor. It is not averred that the conductor was empowered with the authority either to invite or permit the appellant to become a passenger, or to ride upon the train, under the facts charged. In the absence of such allegation, no presumption can be in-

dulged that the conductor or other employes connected with the train, were authorized to extend to the appellant such invitation.

It is the settled rule in this State that before there can be any liability on account of negligence, in cases of this character, it must appear that the party complained of was under some legal duty or obligation to the person injured. *City of Indianapolis* v. *Emmelman,* 108 Ind. 530, 9 L. R. A. 313; *Penso* v. *McCormick,* 125 Ind. 116, 21 Am. St. 211; *Thiele* v. *McManus,* 3 Ind. App. 132; *Carskaddon* v. *Mills,* 5 Ind. App. 22.

Under the averments of the first paragraph of appellant's complaint no such duty or obligation exists.

Counsel for appellant, with other cases, cites the case of *Evansville Street R. W. Co.* v. *Meadows,* 13 Ind. App. 155, in support of his contention that appellant was a passenger, and entitled to all the rights of a passenger, by reason of the invitation of the conductor.

In that case a girl ten years of age was invited by the driver of a street car, drawn by mules, to ride, and was injured while so riding, by the gross carelessness of the driver. And again in that case, it was conceded by appellant that the child was rightfully upon the car, and hence it was held that the appellant owed her some protection.

The second paragraph of the complaint is couched in almost the same language as the first, except it seeks to aver that the plaintiff, at the time of the accident was in the employment of the defendant.

That part of the second paragraph of the complaint is as follows:

"This plaintiff, on said day and for more than two years prior thereto, was and had been working for said defendant, loading and unloading freight, assisting passengers on and off said train; setting and

throwing brakes, and doing the general work of a brakeman; that said plaintiff on said day and for more than two years before said day, did and had performed said labor with the acquiescence, knowledge, consent and permission of the conductor and all other persons conducting and running said train, and for more than two years before, and on said day plaintiff had ridden and did ride on said train, between said towns of Bloomfield and Swiss City, performing the work as aforesaid.  *  *  *  That on said day said plaintiff was on said train in performance of said work and labor, and going to the said town of Swiss City to perform similar work and labor for said defendant, when said span of said bridge gave way," etc.

The averments of the second paragraph of the complaint, are wholly insufficient to show that he was an employe of the defendant.   He avers that he was then performing labor, and for more than two years prior thereto had been performing labor with the "acquiescence, knowledge, consent and permission of the conductor and all other persons running and conducting said train."   It is not charged that the conductor, or other persons operating the train, were authorized to employ the appellant to perform the labor in which he was engaged.   No emergency or necessity is shown for the employment of appellant.

Counsel for appellant concede that he could not maintain an action against appellee to recover for the services he had performed, and in this concession we think he tacitly admits the insufficiency of his second paragraph of complaint.

The case as made by the second paragraph of the complaint, is indentical in principle to the case of *Cooper* v. *Lake Erie, etc., R. R. Co.,* 136 Ind. 366.   In the case just cited, appellant got on one of defendant's freight trains at the town of Poneto, under an

arrangement with the conductor and brakeman, who had charge of the train, that he should assist the brakeman so far as he could, in consideration of being permitted to ride to Muncie; while switching at Montpelier, he was injured by being thrown from the top of a freight car by the carelessness and negligence of the employes of appellee. The Supreme Court, in that case by Howard, C. J., says:

"While the conductor and brakeman were in charge of the train, it does not appear that they had any authority to employ assistance in its management. No emergency is shown for the employment of appellant. *Neither was appellant a passenger; for, even if he had a right to ride upon a freight train, it does not appear that he paid or offered to pay his fare.* No custom, rule or regulation of the appellee company is shown, by which appellant might pay his way by working on the train, assisting the brakeman or other employe. There is no theory suggested by counsel, and the court can see none, according to which the complaint might be held good. At most, the appellant was upon the train by the sufferance of the conductor and brakeman, who were themselves without authority to so receive him. Any dangers to which he thus became exposed were wholly at his own risk." (The italics are our own.)

It is useless under the case just cited to pursue our inquiry further. As neither paragraph of the complaint stated a cause of action, the trial court properly sustained the demurrer.

Judgment affirmed.