## GREGG *v.* GREGG.

[No. 5,445. Filed October 24, 1905. Rehearing denied January 25, 1906.]

1. HUSBAND AND WIFE.—*Alienation.*—*Action for, by Wife.*—A married woman has a right of action against any person who alienates her husband's affections. p. 215.

2. SAME.—*Alienation.*—*Basis of Action for.*—The basis of an action by the wife for the alienation of her husband's affections is the loss of *consortium,* separation being unnecessary. p. 216.

3. PLEADING.—*Complaint.*—*Alienation.*—*Malice.*—In an action by a wife against her mother-in-law for the alienation of the affections of such wife's husband, her complaint must show malice on the part of such mother-in-law, the presumption being that her acts were for the best interests of her child. p. 217.

Gregg v. Gregg—37 Ind. App. 210.

4. DAMAGES.—*Punitive.*—*Alienation.*—Exemplary or punitive damages may be given in an action for the alienation of the affections of husband or wife. p. 217.

5. JUDGMENT. — *Motions in Arrest.* — *Amended Complaint.* — *Appeal and Error.*—Where an amendment of the complaint is permitted after a motion for a new trial is overruled, a motion in arrest filed thereafter will be considered on appeal as directed to the amended complaint. p. 217.

6. PLEADING. — *Complaint.* — *Amendments.* — Where an amendment, asked after the overruling of a motion for a new trial, does not materially change the issues, it should be allowed. p. 218.

7. HUSBAND AND WIFE.—*Alienation.*—*Affections.*—*Presumptions.* —*Burden of Proof.*—The presumption is that the husband has affection for his wife, and the burden is on defendant, in a case of alienation, to prove the contrary. p. 218.

8. PLEADING. — *Complaint.* — *Alienation.* — *Initial Attack After Verdict.*—Where the intial attack on a complaint for alienation is made after verdict, such complaint alleging that the wife was compelled to leave the husband on account of cruel and inhuman treatment, but not setting out specific acts thereof, the presumption obtains that proof of such acts was given on the trial. p. 219.

9. APPEAL AND ERROR. — *Appellate Court Rules.* — *Briefs.* — A failure by appellant to set out in her brief the portions of the record questioned, together with her failure to set out propositions or points, as required by Appellate Court rule 22, is a waiver of such alleged errors. p. 219.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by June J. Gregg against Sarah M. Gregg. From a judgment on a verdict for plaintiff for $3,000, defendant appeals. *Affirmed.*

*M. W. Bruner* and *Whittington & Whittington,* for appellant.

*Crane & McCabe,* for appellee.

BLACK, J.—The appellee, June J. Gregg, sued the appellant, her mother-in-law, Sarah M. Gregg, to recover damages for the alienation by the appellant of the affections of the appellee's husband, George M. Gregg. The complaint was in one paragraph, to which the appellant

answered by the general denial.   After trial by jury and verdict for the appellee, and after the overruling of the appellant's motion for a new trial, the appellee filed a motion for leave to amend the complaint.   On the same day the appellant filed her motion in arrest of judgment.   The court sustained the appellee's motion to amend, and the appellee amended the complaint as asked in her motion, and the court overruled the motion in arrest, and rendered judgment upon the verdict.

The appellant has assigned error in sustaining the motion to amend the complaint and error in overruling the motion in arrest of judgment.   She has also assigned that the complaint does not state facts sufficient to constitute a cause of action against her.

In the complaint it was alleged that the appellee, November 16, 1898, at the residence of her father, in Kentucky, intermarried with George M. Gregg; that they lived together as husband and wife until June 15, 1901, when she was compelled to, and did, leave him, on account of his cruel and inhuman treatment of her, as in a subsequent part of the complaint more fully alleged; that he is the only child of the appellant and her husband, deceased in 1900; that at the time the appellee and George M. Gregg were married he was twenty-five years of age, and was then, and all his life had been, living with his father and mother at their home, as a member of the family, in the city of Crawfordsville, Indiana, where these parents had resided for more than twenty years, and they each possessed considerable real and personal estate; that the appellant owned a valuable farm, worth $15,000, in Montgomery county, and other real and personal property, and appellant's husband possessed a large and valuable residence in Crawfordsville, in which he and the appellant lived, and in which said son was reared; that appellant's husband also owned a valuable business block in that city, and other valuable real estate and considerable personal estate, and

the appellant and her husband were able to live, and did live, comfortably solely from the income of their respective estates, and they brought up their said son with his every want and wish gratified by them, and with the understanding and notion that they had abundant income and means to support him and furnish all his wants and gratify all his desires, and that it was not and would not be necessary for him to work and earn his own living, but that his father and the appellant would supply him with all the necessaries and luxuries of life out of their incomes and property; that these parents were informed and knew that their son intended to marry the appellee, and they prepared rooms in their residence to which the appellee should be brought, and in which she and her husband should live when they were married; that immediately upon their marriage George brought the appellee, with the full knowledge and consent of his parents, to their home, and to the rooms so prepared for them; that George had no property or estate of his own, and depended solely upon his father and the appellant for his support and for means to provide himself and the appellee with a home, board, clothing and support and provisions suitable for the condition in which they lived, and in which George had been brought up; that the appellee and her said husband lived pleasantly and happily together in said home for several months.

The means alleged to have been unlawfully, falsely and maliciously employed by the appellant for the purpose of separating her son from the appellee, and of alienating his affections from her, are set forth at length, being means adapted to such a purpose. It is alleged that all the unlawful, false and malicious statements, declarations and reports before set forth were often repeated and stated by the appellant to appellee's husband, and that, gradually induced by said false, malicious and wrongful statements, language and conduct of the appellant, the appellee's husband's affections for the appellee began to grow cold, and

he became indifferent to her, and finally ceased to have any love or affection for her whatever, and he began to neglect her and then to treat her cruelly and inhumanly, and the appellee lost the love and affection of her husband by and on account of the aforesaid false, wrongful and malicious reports, statements and conduct of the appellant; that gradually the conduct and treatment of her husband toward the appellee became so harsh and cruel that she was compelled to and did, June 15, 1901, separate herself from him. It was shown that the appellant had control of all the property and means of support of herself and her family, and it was alleged that thereby she had complete control over the appellee's husband. It was further alleged that at the time of appellee's separation from her husband she was with child by her husband, and that she was driven from the home of her husband, being the home of appellant, on account of and by reason of the aforesaid treatment of her husband instigated and procured by the appellant, and afterward, December 25, 1901, a son was born to appellee; that December 12, 1902, the appellee, on account of her husband's said cruel and inhuman treatment of her, obtained a divorce from him by the judgment of the Clinton Circuit Court, and she had been living separate and apart from said George M. Gregg ever since June 15, 1901; "that said George M. Gregg, at the time he married this plaintiff, had great love and affection for her, and he continued to have love and affection for this plaintiff as his wife until the same was lost to and alienated from her by the aforesaid acts, conduct and language of the defendant, and that thereby and through said acts, conduct and language of the defendant plaintiff has lost the love, affection, care, support, society and help of her said husband." The averments last-above quoted were added to the complaint by the amendment permitted by the court as above stated. It was further alleged that during all her married life, and up to the time she was compelled to

separate herself from her husband, the appellee was a loving, dutiful and faithful wife, and that but for the aforesaid false, wrongful and malicious reports, statements and conduct of the appellant they would yet be living together. Alleging that she had been damaged in a certain sum, the appellee demanded judgment for that amount.

In *Logan* v. *Logan* (1881), 77 Ind. 558, it was held by a divided court that an action could not be maintained by a wife against her husband's father for damages, because by persuasion, promises and threats the defendant induced the plaintiff's husband to abandon her, whereby she lost her husband's company, care and support. In *Postlewaite* v. *Postlewaite* (1891), 1 Ind. App. 473, this court, while earnestly suggesting the right of a married woman to maintain such an action, was not required by the case before it to go further than to hold, as it did, that where the wife had been divorced her right to maintain the action could not be denied. In *Haynes* v. *Nowlin* (1891), 129 Ind. 581, 14 L. R. A. 787, 28 Am. St. 213, while not affirmatively and positively overruling *Logan* v. *Logan, supra,* it was shown that the reason why formerly the wife could not maintain such an action was not that she was not the source of the substantive right, which the best expositions of the common law recognize as possessed by her, but was, in truth, the lack of remedy available to her at common law because of the strict application of the maxim that husband and wife are one; and it was held that under the modern statutes relating to the rights of married women, the right of the injured wife to maintain the action now certainly exists against one who wrongfully entices her husband and alienates his affections. In the opinion of the court it was said that there is no clearer right than that of the wife to her husband's "support, society and affection," and that when the statutes gave a married woman the right to sue alone, and changed her status so as to invest her with the general property

rights of a citizen, and to impose upon her almost the same obligations as those relating to all citizens free from disability, they clothed her with the right to appeal to the courts to redress the wrong inflicted by one who has tortiously wrested from her "the support, society and affections" of the husband; and the court inserted in the opinion delivered a quotation from 1 Bishop, Marriage, Div. and Sep., §1358, in part as follows: "Within the principles which constitute the law of seduction, one who wrongfully entices away a husband, whereby the wife is deprived of his society, and especially also of his protection and support, inflicts on her a wrong in its nature actionable." See, also, *Wolf* v. *Wolf* (1892), 130 Ind. 599.

An action by a husband for wrongful alienation of his wife's affections is based on the loss of the *consortium*—that is the society, companionship, conjugal affec-
2.   tions, fellowship and assistance. It is not necessary that there be separation of the husband and wife, or that the latter be debauched by the defendant, or that there be actual pecuniary loss. The loss of services may constitute one of the elements of damages, but such loss is not necessary to the maintenance of the action. *Adams* v. *Main* (1891), 3 Ind. App. 232, 50 Am. St. 266. So the wife may sue another than her husband for the loss of the *consortium,* and may recover for having been wrongfully deprived by the defendant of the society, companionship, affection and protection of her husband. *Adams* v. *Main, supra.* The loss suffered by the wife, redressible by such an action, may differ from those sustained by a husband whose wife has been wrongfully enticed away from him, but whatever be her losses, consequent upon the wrongful alienation of her husband's affection, if of such character that damages therefor are assessable by a jury, such damages should be recoverable. See *Holmes* v. *Holmes* (1893), 133 Ind. 386. And while a distinction

is observable between a case wherein the defendant 3. is a stranger and one wherein the defendant is the parent of the husband or the wife of the plaintiff, and the right of the defendant so related to give advice and shelter and protection to his or her own child is recognized (*Huling* v. *Huling* [1889], 32 Ill. App. 519), yet such relationship only serves as a foundation on which to build the defense that there was no wrongful enticement or persuasion resulting in the alienation and desertion and consequent loss which forms the basis of the action. The complaint in such an action against the parent must aver that the acts charged against the defendant were maliciously done; the presumption being that the parent will act for the best interest of the child. *Reed* v. *Reed* (1893), 6 Ind. App. 317, 51 Am. St. 310. See, also, *Railsback* v. *Railsback* (1895), 12 Ind. App. 659. The actionable offense of the defendant in such a case not being punish- 4. able through criminal procedure, exemplary damages may be awarded in the discretion of the jury, acting without passion, partiality or fraud. *Waldron* v. *Waldron* (1890), 45 Fed. 315; *Lockwood* v. *Lockwood* (1897), 67 Minn. 476, 493, 70 N. W. 784. We agree that, as the right of the wife to the conjugal affection and society of her husband is not different in kind, degree or value from the corresponding right of the husband, therefore, since the obstruction to her remedy, because of antiquated forms of proceeding, has been removed, though the marriage relation be not dissolved, she should have like remedy to recover for whatever substantial injury she may suffer. See *Foot* v. *Card* (1889), 58 Conn. 1, 18 Atl. 1027, 6 L. R. A. 829, 18 Am. St. 258; *Lockwood* v. *Lockwood, supra.*

Objections against the complaint, urged here as having been raised by the motion in arrest or by the assignment of the insufficiency of the complaint in the assign- 5. ment of errors, must be regarded as directed to the complaint as amended after verdict. Concerning

the action of the court in permitting the amendment, it seems sufficient to show that it did not materially affect the issue tried. The complaint, as originally drawn, showed that the appellant's son, of full age, married the appellee in another state, with the knowledge of his parents, and with their knowledge and consent brought her home to their residence, where rooms had been prepared by his parents for the use of the appellee and her husband, and that they lived there pleasantly and happily for some time; that a son was born to them after their separation; that the appellant, for the purpose of unlawfully causing the separation of the appellee from her husband and of alienating his affections from her, maliciously used means, described, adapted to such an end, and that, gradually induced by these means, her husband's affections for her began to grow cold, and he became indifferent to her, and finally ceased to have any love or affection for her, and he began to neglect her and then to treat her cruelly and inhumanly, and she lost the love and affection of her husband by and on account of the described conduct of the appellant; that gradually the conduct and treatment of her husband toward her became so harsh and cruel that she was compelled to separate herself from him, and did so, and she was driven from her husband's home by reason of this treatment of her husband, instigated and procured by the appellant; that during all her married life, until she was compelled to separate herself from her husband, she was a loving, dutiful and faithful wife. It did not materially change this complaint to add, by way of amendment, an averment that at the time her husband married the appellee he had great love and affection for her, and that he continued to have love and affection for her as his wife until lost and alienated by the acts of the appellant. Certainly, the law will not presume that, under such circumstances as those shown by the complaint without the amendment, the man did not

have conjugal affection for his wife. Indeed, the law indulges a presumption generally that a husband has such affection, and it rests with the defense in such a case as this to prove the contrary. *Bailey* v. *Bailey* (1895), 94 Iowa 598, 602, 63 N. W. 341.

In *Jonas* v. *Hirshburg* (1897), 18 Ind. App. 581, it was held that in a complaint for alienating the affections of the plaintiff's wife it was not necessary to allege that the husband and wife were living together peaceably and happily, facts to the contrary being matter of defense.

It is claimed on behalf of the appellant that it appears from the complaint that the husband did not leave the wife, but that she left him; that the complaint does not state any fact that would constitute harsh and cruel treatment; that she should be regarded under the allegations of the pleading as having voluntarily left him; and that the only thing she lost by the conduct of the appellant was the love and affection of her husband. We need not discuss the question whether the loss of the husband's love and affection through such means would furnish a ground of action. It seems sufficient to say, with reference to this objection, that whatever might be the proper view to be taken of the complaint in this respect upon demurrer or upon motion to make the complaint more specific, the pleading is now to be considered as one attacked for the first time after verdict, and it may well be assumed that conduct constituting cruel treatment on the part of the husband was sufficiently proved on the trial.

The appellant's motion for a new trial was overruled. As to the reasons assigned in this motion, we must recognize the objection of the appellee to the brief of the appellant, which plainly fails to comply with the rule of this court concerning such briefs, in that, with relation to this motion, the brief does not contain such concise statement of portions of the record as the rule requires, and, following such statement, under a

separate heading of each error of the court below in this connection relied on, separately numbered propositions or points, stated concisely and without argument or elaboration. Unless this court would contravene its own rule, the enforcement of which is invoked by the appellee, and would itself perform the work of attorneys, we can not consider the reasons for a new trial. The requirements of the rule are not obscure, and reasonable compliance therewith is not a hardship. The rule has been many times explained and enforced by our decisions. Equal justice in the decision of causes requires uniformity in the application of this rule.

Judgment affirmed.