## RAY ET AL. v. PARSONS.

[No. 22,841. Filed June 17, 1915.]

1. HUSBAND AND WIFE.—*Alienation of Wife's Affections.—Action
Against Parents.—Evidence.*—In a husband's action against his
wife's parents for the alienation of her affections, undisputed
testimony showing that all that was done by defendants was for
the best interest of their daughter and her infant child, and out
of parental solicitude for their comfort, at the solicitation and
request of the daughter, and without any request on the part of
either parent that she leave her husband, will not support a
verdict for plaintiff. pp. 345, 346.

2. HUSBAND AND WIFE.—*Alienation of Wife's Affections.—Action
Against Parents.—Evidence.*—To sustain a verdict for plaintiff
in a husband's action against his wife's parents for the alienation
of her affections, the evidence must not only show that all that
was done was not done for the welfare of plaintiff's wife, but
that it was done with malice toward plaintiff and with intent
to destroy her affections for him and cause a separation. p. 346.

3. HUSBAND AND WIFE.—*Alienation of Wife's Affections.—Action
Against Parents.—Presumptions.*—A presumption exists in favor
of parents, charged with alienating the affections of their
daughter from her husband, that what they did was inspired by
a proper regard for the welfare and happiness of their daughter,
and the evidence, to warrant a recovery against them, must not
only be sufficient to overcome such presumption, but to establish
malice in their action. p. 346.

From Vigo Circuit Court; *Charles M. Fortune*, Judge.

Action by Fred Parsons against John Ray and another.
From a judgment for plaintiff, the defendants appeal.
(Transferred from the Appellate Court under §1405 Burns
1914, Acts 1901 p. 590.) *Reversed.*

*O. B. Harris, G. M. Crane, A. L. Miller* and *Wesley
Forbes*, for appellants.

*McNutt, Wallace & Slinkard, Charles D. Hunt* and *Gilbert W. Gambill*, for appellee.

ERWIN, J.—This was an action by appellee against appellants for alienating and destroying the affections for appellee of appellee's wife, appellants' daughter. Issues joined

and trial by jury resulted in a verdict for appellee in the sum of $2,500. The sole question presented by this appeal is the overruling of the several motions of appellants for a new trial.

The facts in this case show that appellant Laura Ray was called upon to assist her daughter, appellee's wife, in time of childbirth; that she, Laura Ray, found her daughter appellee's wife, uncared for in a cold house. Appellant Laura Ray, administered aid until the daughter was able to sit up; appellant Laura Ray was subjected to abuse by appellee during the continuance of her stay at appellee's house. She called John Ray, the husband and father, upon the phone, requesting him to call for her and take her home. He arrived at appellee's house at night for the purpose of taking her home. At this time their daughter, appellee's wife, insisted on going home with them, stating that she could not stay at appellee's house without care. Appellants permitted her to go along; that they called on the attending doctor to see if she was able to stand the trip of ten miles, and upon being advised that she could stand the trip and that it was the best place for her, they took her home; that at the time appellants took their daughter, appellee's wife, to their home, appellee had left his home, without saying to his wife or to her parents, who were then present, as to where he was going or when he would return; that some days before she was taken to the home of appellants, the advisability of doing so was discussed by appellant, Laura Ray, and the attending physician, Dr. Bland, and the doctor advised that she should either be taken home or to a hospital where she could have better care and nursing.

The undisputed testimony in this case shows that all that was done by either appellant, was for the best interest of their daughter and her infant child, and by reason of

1. paternal and maternal solicitude for the comfort of their daughter and her child; that her return to her

father's home was on her own solicitation and at her
request. There is no testimony that either the father
or mother asked or requested that the daughter leave
appellee, or even suggested such action on her part. It is
shown by the testimony that the father and mother took her
to their home, but that it was in response to her earnest en-
treaties. The law requires that to make a case against par-
ents for the alienation of their daughter's affections for
her husband, the evidence must not only show that all that
was done was done not for the welfare of the daughter, but
that it was done with malice toward appellee and with the
intention of destroying the affections of appellee's wife for
him, and to cause her to separate from him. *Workman* v.
*Workman* (1909), 43 Ind. App. 382, 386, 85 N. E. 997, and
cases cited; *Gregg* v. *Gregg* (1906), 37 Ind. App. 210, 217,
75 N. E. 674.

There is a presumption that a parent's action towards a
daughter is inspired by a proper regard for the welfare and
happiness of the daughter and before a recovery can
be had in this class of cases there must be evidence
sufficient, not only to overcome this presumption but
to establish that the parent acted maliciously. If the par-
ental affection for a daughter, manifested by the wish that
the daughter might be near her parents, so that she could
be properly cared for, and have a warm and comfortable
home in which she could be properly nursed back to health,
should be held to be actionable, then parental affection
counts for naught and the tender solicitude of the mother
for her daughter must be severed at the daughter's marriage
altar, a condition that is inconceivable either in law or
morals.

If there were no presumptions in favor of the parents
to be overcome, the strongest inferences that could be drawn
from all the facts shown in this case would come far
short of establishing that the parents acted "ma-
liciously" and unlawfully when they removed their

daughter to their own home, so that they could give her the proper care and attention in an effort to restore her and her infant child to health. We are of the opinion that there is no evidence in this case which tends to sustain the verdict. Judgment reversed with instructions to grant a new trial to both appellants.

NOTE.—Reported in 109 N. E. 202. As to actions for alienation of wife's affections, see 44 Am. St. 845. As to actions for alienation of husband's affections, see 28 Am. St. 217; 46 Am. St. 472. As to liability of parent for causing separation of husband and wife, see 9 L. R. A. (N. S.) 322; 8 Ann. Cas. 813. See, also, under (1, 2) 21 Cyc. 1624, 1619; (3) 21 Cyc. 1619.