## BRILES ET AL. *v.* BRILES.

[No. 8,959. Filed April 27, 1916. Rehearing denied November 26, 1916. Transfer denied January 17, 1918.]

1. APPEAL.—*Review.*—*Verdict.*—*Conclusiveness.*—A verdict for plaintiff is a finding upon all material facts essential to a recovery, and if there is any evidence from which such facts may reasonably have been inferred by the jury, the verdict will not be disturbed on appeal for insufficiency of evidence. p. 447.

2. APPEAL.—*Review.*—*Verdict.*—*Evidence.*—*Sufficiency.*—In determining the sufficiency of the evidence to sustain a verdict for plaintiff, the court on appeal will not weigh conflicting evidence but will determine whether there is evidence tending to support all the material allegations of the complaint, the credibility of the witnesses and the weight of the evidence being for the jury. p. 448.

3. APPEAL.—*Review.*—*Verdict.*—*Evidence.*—*Sufficiency.*—Where different inferences may reasonably be drawn from the evidence, and the jury has found the facts in plaintiff's favor, a verdict is supported by the evidence. p. 448.

4. HUSBAND AND WIFE.—*Alienation of Husband's Affections.*—*Liability of Parents.*—*Advising Child.*—*Presumption.*—Although the reciprocal obligations of parent and child are not ended by the marriage of the child, and the motive of parents in advising a child or in sheltering him are presumed to be good until such presumption is overcome by proper evidence, yet an action for damages may be maintained against parents who alienate a child's affections from his spouse. p. 449.

5. HUSBAND AND WIFE.—*Alienation of Affections.*—*Malice.*—*Proof.* —In an action for alienation of affections the defendant's intent is the important question, and it may be proved like any such fact. p. 449.

6. APPEAL.—Review.—Instructions.—Where the record does not show that exceptions were taken to the giving of any instructions, or that they were incorporated into a bill of exceptions, or that they were filed and made part of the record in any manner recognized by law, no question relating to the instructions is presented for review. p. 450.

7. APPEAL.—Review.—Harmless Error.—Exclusion of Evidence.— On a wife's action against the husband's parents for the alienation of his affections, it was not reversible error for the trial court to exclude a question propounded to the husband as to what trouble he had with his wife on the morning of their separation, where he was permitted to testify fully as to his version of his marital difficulties. p. 450.

8. APPEAL.—Briefs.—Abstract Propositions.—Questions Presented. —Mere abstract propositions in appellant's points and authorities which are not applied to any particular question presented by the assignment of error present no question for review. p. 451.

9. NEW TRIAL.—Grounds.—Newly-Discovered Evidence.—Newly-discovered evidence which is merely cumulative or impeaching in character is not sufficient to warrant the granting of a new trial. p. 451.

10. NEW TRIAL.—Grounds.—Newly-Discovered Evidence.—Newly-discovered evidence is not sufficient to warrant the granting of a motion for a new trial, where such evidence would not likely change the result of another trial. p. 451.

11. HUSBAND AND WIFE.—Alienation of Affections.—Action.—Damages.—In a wife's action against the parents and brothers of her husband for the alienation of his affections, a verdict for $4,500, which was reduced by a remittitur of $800, was not excessive where there was evidence to show that defendants maliciously caused the husband to leave the wife after two years of married life. p. 452.

From Warren Circuit Court; B. B. Berry, Judge.

Action by Mabel Briles, by her next friend, Thomas Vice, against Cyrus A. Briles, Senior, and others. From a judgment for plaintiff, the defendants appeal. Affirmed.

O. B. Ratcliff and V. E. Livengood, for appellants.

Edwin F. McCabe, Charles E. McCabe and Robert R. McCabe, for appellee.

FELT, P. J.—This is a suit by appellee against appellants for damages for the alienation of the affections of her former husband, Cyrus A. Briles, Jr. The complaint was in two paragraphs, which were answered by general denial. A trial by jury resulted in a verdict for appellee in the sum of $4,500. Appellants moved for a new trial and the court ordered that the motion be overruled, on condition that appellee enter a remittitur of $800. On the same day appellee filed a remittitur in the amount stated. Thereupon the court overruled the motion for a new trial, to which appellants separately and severally excepted, and were given ninety days in which to file their bills of exceptions. The assignment relied on for reversal is that the court erred in overruling the separate and several motions of appellants for a new trial.

Appellee and Cyrus A. Briles, Jr., were married on March 4, 1911, and lived together as husband and wife until January 16, 1913. They were divorced on February 3, 1913, and this suit was begun on March 10, 1913. Appellants Cyrus A. Briles, Sr., and Catherine Briles are the father and mother of Cyrus A. Briles, Jr., and appellants Charles and Bernard Briles are his brothers.

The complaint alleges in substance that appellee at all times demeaned herself toward her husband as a true, loving and faithful wife; that she and her husband lived happily and contentedly together until interfered with by appellants; that they have one child born as the fruits of their marriage; that appellants were opposed to their marriage and soon thereafter began to criticize and abuse appellee in the presence of her husband, and unlawfully, purposely and maliciously sought to injure appellee by depriv-

ing her of the comfort, society and consortium of her
husband, and to alienate and destroy his affection
for her; that appellants and each of them did on January 16, 1913, and on divers occasions prior thereto,
wrongfully, unjustly and maliciously persuade,
entice and coerce her husband to break up her home
and to cease to live with appellee or to recognize her
as his wife; that by and on acount of appellants'
conduct aforesaid and over her objection, and without her consent, appellee's husband took her and
their child, about one year old, to the home of her
father and ruthlessly thrust her out upon the street
and tore himself from appellee, and since that time
has refused to live with her or to recognize her as his
wife, and has continued to live separate and apart
from her, all without any fault of hers and wholly on
account of the aforesaid influence and malicious conduct of appellants.

Appellants asked a new trial on the ground that
the verdict of the jury is not sustained by sufficient
evidence and is contrary to law; that the damages
are excessive; error in giving instruction No. 4; also
alleged errors relating to the evidence upon the trial
and newly-discovered evidence.

Appellants contend that the verdict is not sustained by sufficient evidence; that the uncontradicted
evidence shows that appellee's own conduct caused
the alienation of her husband's affections and their
separation.

The verdict of the jury is a finding for appellee
upon all material facts essential to her recovery. If
there is any evidence from which such facts
1. may reasonably have been inferred by the jury
it is sufficient on appeal. This court will not

weigh conflicting evidence, but will determine
2. whether there is evidence tending to support all the material allegations of the complaint. The credibility of the witnesses and the weight
3. of the evidence are questions for the jury.

Where different inferences may reasonably be drawn from the evidence and the jury has found the facts in appellee's favor the verdict is supported by the evidence. Under the foregoing well-established rules of appellate procedure it is only necessary to consider the evidence tending to support the verdict, since we cannot weigh the conflicting evidence.

We have carefully read and considered the evidence and find that it so clearly sustains the verdict that we do not feel warranted in setting it out in detail. There is some conflict of evidence, but no failure of proof as to any material and issuable fact. There are many facts and circumstances which tend to support appellee's contention and to warrant the jury in inferring the ultimate facts. But in addition to this there is direct and positive testimony which tends to prove the malicious purpose on the part of appellants to alienate the affections of appellee's husband and cause their separation.

The contention of appellants that the undisputed evidence conclusively shows that the alienation of the affections of appellee's husband was due to her own fault and misconduct is completely overthrown by the evidence. Conceding appellants' version of much of the testimony, it only shows a controversy over many disputed points, and that appellants' counsel have inferred from the evidence ultimate facts directly opposed to those found by the jury.

Appellants also contend that the presumption of

good faith and honest motives are in favor of the conduct of parents toward their children and there is no evidence which warranted the jury in finding that appellants had any intention of alienating the affections of appellee's husband or of causing them to separate.

It is true that the reciprocal obligations of parent and child continue through life and are not ended by the marriage of the child. The motives of parents in advising a child or in sheltering him are presumed to be good until the contrary appears. Much greater latitude is extended to parents in this regard than to strangers or others not so closely related. But such presumptions may be overcome by the evidence and the malicious or unlawful purpose may be established notwithstanding the presumptions in favor of the motives and conduct of parents. In Indiana the right to maintain an action for damages against parents for the alienation of the affections of their child by the husband or wife of such child has long been recognized and is now firmly established.

While the *quo animo* is the important question in such cases it may be proved like any such fact, and the evidence in the case at bar is amply sufficient if believed by the jury to warrant it in finding that the appellants wrongfully and maliciously sought to alienate the affections of appellee's husband and thereby deprive her of the consortium to which she was lawfully entitled. *Workman* v. *Workman* (1908), 43 Ind. App. 382, 386, 85 N. E. 997; *Gregg* v. *Gregg* (1905), 37 Ind. App. 210, 216, 75 N. E. 674; *Ray* v. *Parsons* (1915), 183 Ind. 344, 109 N. E. 202; *Fronk* v. *Fronk* (1911), 159

Mo. App. 543, 141 S. W. 692; *Gilbreath* v. *Gilbreath* (1908), 42 Colo. 5, 94 Pac. 23; *Busenbark* v. *Busenbark* (1911), 150 Iowa 7, 129 N. W. 332.

Complaint is made of the giving of instruction No. 4 to the jury. Certain instructions are copied into the transcript, but the record does not show 6. that any exceptions were taken to the giving of any of the instructions, or that they were incorporated into a bill of exceptions, or that they were duly filed and made a part of the record in any of the ways recognized by law. Therefore no questions relating to the instructions are duly presented. *Thieme, etc., Brewing Co.* v. *Kessler* (1910), 47 Ind. App. 284, 286, 94 N. E. 338; *Peterson* v. *Liddington* (1915), 60 Ind. App. 41, 108 N. E. 977, 978.

Complaint is made that the court erred in excluding certain testimony offered by appellants, but the briefs only refer to the subject in general 7. terms and do not show wherein the court erred. The question most strongly urged is that the court sustained an objection to the question asked of appellee's former husband: "What trouble, if any, did you and your former wife have on the morning of your separation while on your way from your home to Covington?"

The question assumes that there had been trouble and calls for the conclusion of the witness instead of calling for what was said and done on the occasion inquired about. Assuming, without deciding, that the subject-matter of the question was proper, the court did not commit reversible error in refusing to allow the question to be answered as put to the witness. The witness was permitted to testify fully as to his version of the trouble between him and his wife, and the answer to the question in any event

could not have been of controlling importance in the case.

Other suggestions are made relating to the evidence, but they are not of importance in the light of the other testimony in the case. Furthermore, they are not duly presented, for only abstract propositions relating thereto are stated in the points and authorities, and they are not so applied to any particular question presented by the assignment of errors as to be available to appellants. *Weidenhammer* v. *State* (1913), 181 Ind. 349, 350, 103 N. E. 413, 104 N. E. 577; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 627, 103 N. E. 652.

Among the causes for a new trial is certain newly-discovered evidence to the effect that appellee had made statements out of court concerning the cause of her separation from her husband that are contradictory of, and inconsistent with, her testimony at the trial. Most of the alleged statements are merely cumulative in character and the showing of diligence is by no means satisfactory, but if this is waived, we do not think the court erred in overruling the motion for a new trial on this ground for the reason that newly-discovered evidence that is merely cumulative or impeaching in character is not sufficient to authorize a new trial. *Whitney* v. *State* (1899), 154 Ind. 573, 582, 57 N. E. 398; *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 36, 62 N. E. 78, and cases cited; *Sutherlin* v. *State* (1886), 108 Ind. 389, 391, 9 N. E. 298. But if the alleged new evidence be viewed as being in the nature of admissions of a party to the suit, nevertheless, a careful reading of it in connection with the evidence in the case at bar makes it reasonably certain that the newly-discovered evidence would not likely change the result if a

new trial should be ordered, and it therefore follows that the court did not err in refusing to grant a new trial on this ground.

Finally it is argued that a new trial should have been granted on account of excessive damages.

The trial court seems to have given the subject careful consideration and ordered a remittitur. The alienation of the affections of a husband or wife is a serious matter. While the damages awarded are liberal in amount, the sum is not so great as to warrant this court in ordering a new trial on the ground of excessive damages.

While the evidence was conflicting, there is ample evidence, if believed by the jury, to show a malignant hatred of appellee by appellants, and a deliberate and malicious attempt to alienate the affections of her husband and cause him to cast her off as his wife.

The case seems to have been fairly tried and appellants have pointed out no errors or irregularities which deprived them of any substantial right.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 449. Husband and wife: liability of parent for separation of, 9 L. R. A. (N. S.) 322, 46 L. R. A. (N. S.) 467, 8 Ann. Cas. 813, Ann Cas. 1917E 1017; wife's right to sue for alienation of husband's affections, 28 Am. St. 217, 46 Am. St. 472; excessiveness of damages for alienation of affections or criminal conversation, 42 L. R. A. (N. S.) 582, Ann. Cas. 1912A 950. See under (4, 5) 21 Cyc 1619, 1620; (11) 21 Cyc 1621, 1622.