## PARTLOW *v*. MITCHELL.

[No. 9,777.  Filed March 6, 1919.]

1. APPEAL.—*Assignment of Errors.*—*Matters Assignable.*—That the court erred in overruling defendant's motion for a continuance, that the judgment appealed from is not fairly supported by the

evidence, that the judgment appealed from is clearly against the weight of the evidence, and that the verdict of the jury and the judgment entered thereon are not supported by sufficient evidence and are contrary to law, are not proper assignments of error on appeal. p. 507.

2. CONTINUANCE.—*Affidavit.—Sufficiency.—Diligence.*—Defendant's affidavit for a continuance which fails to state when his cause was assigned for trial, when he learned thereof, when he caused the subpoena to be issued for the absent witness, when the subpoena was served, when he first learned of the absence of the witness, and when he went to the place where the witness had been employed and learned that he had not been at work for some time and that his whereabouts were unknown, is sufficient as not showing diligence, and the motion for a continuance was property overruled. p. 508.

3. APPEAL.—*Assignment of Error.—Matters Assignable.*—The fact that the hypotheses upon which certain questions were based were shown by the evidence to be untrue, is not ground for an independent assignment of error on appeal. p. 509.

4. APPEAL.—*Presenting Questions for Review.—Admission of Evidence.—Hypothetical Questions.*—Even though the hypotheses, which were the bases of certain questions allowed over defendant's objection, were shown by subsequent evidence to be untrue, the error, if any, in permitting the answers to remain in the record is not available to appellant where he failed, after appellee rested her case, to make a motion to strike out the answers to such questions. p. 509.

5. APPEAL. — *Review. — Evidence. — Weight and Sufficiency.*—The court on appeal will not weigh conflicting evidence. p. 509.

From Marion Superior Court (97,696) ; *Clarence E. Weir,* Special Judge.

Action by Ada Mitchell against John L. Partlow. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Born, Ritchey & Cronk,* for appellant.
*Salem D. Clark,* for appellee.

NICHOLS, J.—This was an action by the appellee against the appellant, begun before a justice of the peace of Center township, Marion county, for dam-

ages alleged to have been sustained by reason of the appellant having permitted an automobile of the appellee, which appellee had stored with the appellant, to be taken from appellant's garage, contrary to the alleged instructions of the appellee, and which, during the time that it was out, was damaged.

After judgment in favor of the appellee, the case was appealed to the Marion Superior Court, where there was a trial by jury, and verdict and judgment for $175 in favor of the appellee. From this judgment, after a motion for a new trial was overruled, this appeal is prosecuted.

At the time of the trial, in the Marion Superior Court, the appellant filed his affidavit and motion for a continuance, which was submitted to and overruled by the trial court.

The errors relied upon for reversal are: (1) The court erred in overruling the motion of appellant for a continuance of this case. (2) The court erred in overruling appellant's motion for a new trial. (3) The judgment appealed from is not fairly supported by the evidence. (4) The judgment appealed from is clearly against the weight of the evidence. (5) The verdict of the jury and the judgment entered thereon are not supported by sufficient evidence, and are contrary to law.

1. The first assignment of error is made one of the grounds for a new trial in the appellant's motion therefor. The first, third, fourth and fifth assignments of error are not proper assignments.

Under the second assignment of error, appellant complains of the ruling of the court on his motion

for a continuance. As appears by the record,
2.    the affidavit with motion was filed on the day
that the cause was called for trial. So much
of this affidavit as is necessary for this decision is
as follows:

"Affiant says that as soon as he learned said
cause was set down for trial, he immediately
caused a subpoena to be issued for said Roy
Bryant, and the same was served by the sheriff
of said county leaving a copy at the residence of
the witness; that thereupon the sheriff informed
this affiant that he learned when serving said sub-
poena that said witness was absent from home
which was the first information that this defend-
ant had of the absence of said witness. That
affiant went to the residence of said Roy Bryant
and there learned that he had been absent from
home for several days and that his mother with
whom he resided did not know of his where-
abouts. Affiant further says that he then went
to the place where said Roy Bryant had been
employed and there learned that said Roy Bryant
had not been at work for several days and that
his employer did not know of his whereabouts.
*   *   *   Affiant further says that Roy Bryant
has been duly subpoenaed to attend this court as
a witness and that he has expressed his willing-
ness to testify herein."

It will be observed that the appellant has failed to
state when his cause was assigned for trial, when he
learned such fact, when he caused the subpoena to be
issued for the absent witness, when the same was
served by the sheriff, when he received his first infor-

mation of the absence of the witness, and learned that he had been absent from home for several days, and when he went to the place where the witness had been employed and learned that he had not been at work for several days and that his employer did not know his whereabouts.

In order that the appellant might be entitled to a continuance, it was incumbent upon him to show affirmatively that he had been duly diligent in his efforts to obtain the absent evidence, and to apprise the court that his efforts had been unsuccessful. In this, as appears by the affidavit, he has wholly failed. The motion for continuance was properly overruled. *Ransbottom* v. *State* (1896), 144 Ind. 250, 254, 43 N. E. 218.

Under the third assignment of error, appellant discusses at length errors which he insists the trial court committed in permitting, over the objections of the appellant, certain hypothetical questions and answers thereto, as to the value of the automobile involved. It is claimed by the appellant that the hypotheses upon which these questions were based, as appears by the evidence thereafter introduced, were not true. As heretofore noted, this is not a proper assignment, as the errors complained of pertain to the trial, and are not grounds for independent assignment of error. Elliott, App. Proc. §351. Even if properly assigned, the errors, if any, are not available to the appellant for the reason that, the appellee having failed, as appellant claims, to prove her hypotheses, he failed, after the appellee rested her case, to make a motion to strike out the answers to the hypothetical questions. Without this motion, the

question is not saved. *Indiana Union Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 91, 78 N. E. 325. With these answers in the record, there is a conflict of evidence which this court will not weigh.

Judgment affirmed.