## LEWIS *v.* YOUNG.

[No. 14,307. Filed April 22, 1932. Rehearing denied July 27, 1932. Transfer denied October 27, 1932.]

*Ralph M. Spann, Ralph K. Kane, Gideon W. Blain,* and *Robert Hollowell, Jr.,* for appellant.

*Raymond F. Murray,* for appellee.

KIME, J.—Action by appellee, Alonzo Young, against appellant, Edward Lewis, for the recovery of damages for personal injuries sustained by him while riding in an automobile truck owned by appellant.

Appellee (plaintiff below), in his amended complaint, made substantially the following allegations: That on the 27th day of June, 1929, defendant was the owner of a large automobile truck, and was engaged in the business of hauling and transporting horses and stock in same; that on said day defendant, for a certain consideration agreed to be paid by plaintiff, agreed to haul a certain horse and plaintiff, who was to have charge of said horse, in said truck, from the Indiana State Fair Grounds in the city of Indianapolis to a certain farm near said city; that on said day defendant directed one

Raymond Ashley, then employed by defendant, to drive said truck to the Fair Grounds, where said horse was placed in the rear compartment of said truck; that said Ashley requested and directed that the plaintiff ride in said rear compartment of the truck and hold the horse while the truck was being driven through the streets of the city of Indianapolis; that said Ashley drove said truck over the streets of said city and carelessly and negligently failed to keep a look out for obstructions with which said truck, by reason of its height and width, might come in contact, and then and there carelessly drove said truck so near the curb line of the street as to cause the body of the truck to strike a tree standing alongside the west curb line of the street, thereby knocking plaintiff with great force against a wall of the interior of the truck, by reason of which plaintiff sustained severe injuries.

Appellant filed an answer in general denial to appellee's amended complaint. A trial by jury resulted in a general verdict of $1,623.00 in favor of appellee. The court entered judgment in favor of the appellee against appellant in said sum, together with the costs of the action. The error assigned is the court's action in overruling appellant's motion for a new trial and the overruling of appellant's motion to instruct the jury to return a verdict for the defendant. Under the former alleged error, appellant assigns that the verdict of the jury is not sustained by sufficient evidence; that it is contrary to law, and that the trial court erred in overruling the defendant's motion for a directed verdict in favor of the defendant at the close of plaintiff's evidence.

Appellant contends that the evidence is insufficient to sustain the verdict, asserting that there was a complete failure of proof upon the allegation in the complaint that the defendant was employed for a consideration to transport the plaintiff, and fur-

ther asserts that there is uncontradicted evidence to the effect that the defendant was only employed to haul the horse. This contention is, in our opinion, erroneous for the reason that it is admitted that appellant and appellee contracted for the transportation of the stallion at a stipulated price, and our Supreme Court, in *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335 at p. 344, 77 N. E. 599, said: "Cast into what form the agreement may be, the law assumes that the consideration for the carriage of a drover in charge of cattle lies in the service he renders in taking care of the animals or in the charge made against him or his employer for their transportation." *Lake Shore, etc., R. Co.* v. *Teeters, supra* (and cases there cited) ; *Pittsburgh, etc., R. Co.* v. *Brown* (1912), 178 Ind. 11, 97 N. E. 145. We are aware that the cases above cited apply to drovers, and that such are usually associated with the driving and care of sheep, pigs, cattle, etc., but the duties of the appellee and the theory involved in the instant case are almost identical with that of the drover in the cases heretofore cited. There was some evidence introduced tending to show that it was customary for someone to accompany horses when being transported in vans.

There is also evidence in the record to the effect that Ashley, the driver of appellant's truck, directed appellee to ride in the truck with the stallion. This evidence is somewhat conflicting, and under such circumstances this court will not weigh the evidence, but will only determine whether there is any evidence to support the verdict. *Schillinger* v. *Savage* (1917), 186 Ind. 189, 115 N. E. 321; *Heed* v. *Gummere* (1922), 192 Ind. 227, 136 N. E. 5; *Briles* v. *Briles* (1916), 66 Ind. App. 444, 112 N. E. 449; *Partlow* v. *Mitchell* (1919), 69 Ind. App. 505, 122 N. E. 340.

Appellant takes the view that even if the evidence does show that his servant directed appellee to ride in the

truck, it does not create a liability, as, under the undisputed evidence, said servant had no authority to permit anyone to ride in said truck, and has cited many decisions in support of this contention. These cases hold, in substance, that a person riding on a vehicle of a carrier used for transportation of freight, etc., as a guest or invitee of the employee who drives or conducts such vehicle, when such employee has no authority to transport passengers or direct anyone to ride with him or assist him, cannot hold the employer liable for injuries sustained by reason of the employee's negligence unless the injury be willful. We have made a careful study of the cases above referred to, among which are *Everhart* v. *Terre Haute & I. R. Co.* (1881), 78 Ind. 292; *Cooper* v. *The Lake Erie, etc., R. R. Co.* (1893), 136 Ind. 366, 36 N. E. 272; *Stalcup* v. *Louisville, etc., R. Co.* (1896), 16 Ind. App. 584, 45 N. E. 802, and find that they are distinguishable from the case at bar. In the instant case, as heretofore stated, it was shown that it was customary for someone to accompany horses when being transported, and appellant's employee Ashley testified that he had hauled passengers in the back of the truck at other times and had also hauled them when Mr. Lewis' (appellant's) horses were being transported. It was properly left for the jury to determine, as a question of fact, whether the defendant had, by his conduct, held out his employee to the plaintiff as authorized, under the circumstances, to consent to or direct that plaintiff ride in the truck with the stallion. *Waterbury* v. *New York, C. & H. R. R. Co.* (1883), 17 Fed. Rep. 671.

As to the overruling of appellant's motion for the court to direct the jury to return a verdict in its favor, we have made strict search of the record and find that appellant failed to renew or offer to renew the motion in question at the close of all the evidence. Under such circumstances we are precluded from

considering the motion, and the error, if there was such, was waived. *Baltimore, etc., R. W. Co.* v. *Conoyer* (1897), 149 Ind. 524, 48 N. E. 352; *Chicago, etc., R. Co.* v. *Schipper* (1921), 75 Ind. App. 669, 131 N. E. 232.

Finding no error, the judgment of the Marion Circuit Court is in all things affirmed.