DEMPSEY *v.* TEST.

[No. 14,500.   Filed March 30, 1933.   Rehearing denied June 30, 1933.   Transfer denied April 26, 1934.]

*Charles E. Henderson* and *Laurens Henderson,* for appellant.

*James W. Noel, Hubert Hickam, Alan W. Boyd, Robert D. Armstrong,* and *R. Niven Stall,* for appellee.

BRIDWELL, J.—Appellant filed an amended complaint in three paragraphs against appellee to recover damages

for personal injuries. Appellee filed demurrer to each paragraph of the complaint, which was sustained as to each paragraph, to which ruling of the court appellant excepted as to each paragraph separately. Appellant announced his refusal to plead further and elected to stand upon the ruling of the court in sustaining the demurrer as to each paragraph of complaint. Judgment was rendered by the court that the plaintiff (appellant) take nothing by his action and that the defendant (appellee) recover costs. This appeal followed, appellant assigning as error that the court erred in sustaining the appellee's demurrer to each paragraph of appellant's amended complaint.

The first and third paragraphs of complaint predicate liability upon the theory of negligent conduct; the second upon the theory of wilful and intentional conduct.

The first paragraph of complaint, insofar as it is necessary to set forth the same herein in order to understand and determine the legal question presented, is as follows: "The plaintiff, Richard Dempsey, by his next friend, complains of the defendant, Skiles E. Test, by way of amended complaint, and complaining says:

"(1.) That on or about the 21st day of June, 1928, the said plaintiff was a boy eleven years of age and was a caddie at the Avalon Country Club. That at said time there was running from the city of Indianapolis, Indiant, to Millersville, Marion county, Indiana, a paved public highway.

"(2.) That on said day defendant was the owner of an International, two-ton truck, which had previously been used and was used on said date by said defendant for the sole purpose of hauling products and articles to and from a farm owned by said defendant, located near said Millersville. That on said day said defendant had in his employ one Ed Brinkman, who was driving said

truck and performing such work for the defendant at the time and place of the injury hereinafter mentioned.

"(3.) That on said day, said plaintiff was walking along the said Millersville Road, going to said Avalon Country Club. That said Ed Brinkman was driving said truck from said city of Indianapolis along said Millersville Road to said farm of said defendant, in the line of his said employment, and, as he drove said truck along said highway for said defendant, he invited and/or permitted this plaintiff to get aboard of said truck and stand on the running board thereof for the purpose of riding thereon. That on said day there was a gravel road or street which came into said Millersville Road at almost right angles, running from the east, and said gravel road joined up to the said Millersville Road. That at the point of said coming together of the two said highways, and near the southeast corner of said intersection, there was a chuckhole of irregular shape and varied width, from the north point of said intersection to the south part thereof, all the way from the beginning point to as much as two feet in width, and in parts said chuckhole varied from one inch to seven inches deep.

"(4.) That said truck had a cab as a part thereof which was on the front part of the body thereof and stood higher than the balance of the body by means of structure, which had posts therein, with a seat therein for the driver, wide and long enough for him and one and possibly two other persons to ride seated therein. That on said day said driver was driving in said seat and there were with him two others and not room enough for but two to ride in said seat with him. That there was a running board on the right side of said truck about nine inches wide and about four feet long, and this plaintiff, after being invited and/or permitted to ride thereon, as aforesaid, did climb onto said run-

ning board and did hold to a post on said cab by hooking his arm around said post so that his elbow crooked and the said post was covered at the point of contact by said elbow and he did ride on said running board in said position for a distance of about one-half mile, and as he was holding onto said post, as aforesaid, it was reasonably safe for him to ride when and if said truck stayed on said paved highway and did not encounter any obstruction or hit said chuckhole. That said driver operated said truck in a northerly direction at a speed at about fifteen miles per hour, and stayed on the right-hand side of said road. That at the time herein mentioned said highway was about sixteen feet wide and wide enough for said driver to have safely passed on said road where said chuckhole was, without hitting the same, and to have passed moving vehicles coming in the opposite direction, or allow other vehicles to pass to the left so as not to have jeopardized the life or limb of anyone in said cab or of plaintiff while riding on said running board, as aforesaid, nor to have jeapordized the said truck or the property, life or limb of any other or others.

"(5.) That then and there and for a long time prior thereto, said driver knew said chuckhole was in said highway. He also then and there saw, knew and appreciated that plaintiff was standing and riding on said running board in the manner and way aforesaid, and because thereof was in a dangerous and perilous situation and position to his life and limbs; saw, knew and appreciated that if he hit said chuckhole it would cause a jolt or jerk to said truck sufficient to break plaintiff's hold on said cab and cause him to be either jarred or thrown from said truck; saw, knew and appreciated that plaintiff could not get off of said truck, due to the speed at which it was traveling, as aforesaid, without some injury to plaintiff, and saw, knew and appreciated

all of the same in plenty of time either to have stopped said truck or to have swerved its course so as to have avoided hitting said chuckhole, as herein stated, and there was sufficient time and opportunity for him so to have done prior to hitting said chuckhole, as hereinafter alleged. Said driver also saw, knew and appreciated that plaintiff did not know or understand his own danger or perilous situation, as aforesaid, nor the consequences if said driver hit said chuckhole. That notwithstanding all the said driver saw, knew and appreciated, as aforesaid, he continued to drive said truck on the right-hand side of said highway, at said rate of speed, and carelessly and negligently drove same at, into and against said chuckhole, when he had the last clear chance to have avoided any injury to this plaintiff, and the right front wheel of said truck so hit said chuckhole, and then, there and thereby caused a big jolt and jar thereto and loosened plaintiff's said hold on said cab and thereby threw said plaintiff from said running board to the ground, all at a time when plaintiff could not, nor before, help himself or extricate himself from said dangerous position, and one of the wheels of said truck passed over his body and did then, there and thereby cause the plaintiff to receive, and he did receive, the injuries and undergo the treatment to heal the same, as follows:" (Here in the complaint is a detailed description of the injuries, the allegation of damages and the prayer for relief.) The second paragraph of the complaint alleges the same facts stated in the first paragraph, and charges that the driver of the truck, "wantonly, intentionally and wilfully run said automobile at, into and against said chuckhole, wantonly, wilfully and intentionally intending to injure plaintiff thereby, and by said wanton, wilful and intentional conduct said plaintiff was then and there thrown violently off of said truck to the ground and the wheels

of said truck passed over his body whereby he received the following injuries. . . ." The third paragraph of complaint is very similar to the first, and we deem it unnecessary to state the allegations thereof, but sufficient to say that if the first paragraph states a cause of action against *appellee* so does the third, both being based on negligent conduct of the driver of appellee's truck.

Each paragraph of the complaint avers that appellee was the owner of a truck which was used for the *sole* purpose of hauling products and articles to and from a farm owned by him; that on the day when appellant was injured appellee had in his employ one Ed Brinkman who was driving said truck to the farm of appellee in the course of his employment, proceeding along and over the "Millersville Road;" that appellant was walking along said road and, at the invitation of, or with the permission of Brinkman, appellee's employee and driver of said truck, appellant got aboard of said truck and stood on the running board thereof for the purpose of riding thereon; that appellant was thrown off said truck and injured when the truck hit a "chuckhole" in the road over which the truck was being driven by appellee's employee; that the driver of the truck knew of the existence of said chuckhole at the time of appellant's injury and had known of its existence for a long time prior thereto.

Under the facts pleaded, is the appellee herein responsible for the acts of his employee? Does the doctrine of *respondeat superior* apply? There is no allegation in either paragraph of the complaint that the appellee himself was present when appellant was injured, or that he knew of the presence of appellant on the truck prior to the injury, nor does either paragraph allege that appellee had authorized the driver of the truck to carry passengers thereon or plead a state of facts from

which such authority might be implied; to the contrary each paragraph of the complaint expressly states that the truck was used by appellee "for the sole purpose of hauling products and articles to and from a farm" owned by appellee.

We are of the opinion that the appellant's rights *as against the appellee* are not the same as they would be had he been run over and injured while crossing the highway, or while using the same in a lawful manner either as a pedestrian, or when operating or occupying some other vehicle thereon or while using some other mode of transportation thereover. See, *Driscoll* v. *Scanlon* (1896), 165 Mass. 348, 43 N. E. 100; *Pennsylvania Co.* v. *Coyer* (1904), 163 Ind. 631, 72 N. E. 875.

While it is true that the facts pleaded show that the driver of the truck was discharging a duty of his employment when the injury to appellant occurred, it is also true that the invitation or permission given appellant to ride on the truck was that of the servant and not of the master, and that the giving of the invitation or permission was not within the general scope of the employment, or with a view of accomplishing some end thereof. In determining as to appellee's responsibility, under the facts averred, we must consider the question as to whether that which his servant did, when he invited or permitted appellant to ride on appellee's truck, was something which his employment contemplated, and something which he might do in his employer's name.

It has been frequently held in this state that where a person is invited to ride upon a train of cars, by an employee who had no authority to give such an invitation, the carrier is under no duty to the party accepting any such invitation to exercise care to avoid injury to such person. *Pennsylvania Co.* v. *Coyer, supra; Pittsburgh, etc., Ry. Co.* v. *Hall* (1910), 46 Ind. App. 219, 90 N. E. 498; *Stalcup* v. *Louisville, etc., R. Co.* (1897), 16

Ind. App. 584, 45 N. E. 802; *Springer* v. *Byrum* (1893), 137 Ind. 15, 36 N. E. 361; *Smith* v. *The Louisville, etc., R. Co.* (1890), 124 Ind. 394, 24 N. E. 753. We see no reason why this principle should not apply in the instant case and cases of a similar character.

One of appellant's contentions is that appellee is liable under the facts pleaded in the first paragraph of complaint under the doctrine of last clear chance. If appellee is not liable for his employee's negligence, he can not be liable for any failure of his servant to take advantage of a last clear chance. This doctrine prevents contributory negligence from operating as a defense in certain cases. It has no place in the law except as it bears upon and affects the law on the subject of contributory negligence. *City of Michigan City* v. *Werner* (1917), 186 Ind. 149, 160, 114 N. E. 636.

It is also the settled rule that before there can be any liability on account of negligence, it must appear that the party complained of was under some legal duty or obligation to the person injured. *Stalcup* v. *Louisville, etc., R. Co., supra,* and cases there cited. While appellee here owed a duty to the general public which he was obligated to discharge through his servant in charge of his truck, he owed no duty to the guest of his employee riding on the truck at the invitation of, or with the permission of the servant, as such servant in giving such invitation or permission acted outside the scope of his employment, and by so doing he could not by such act impose upon his employer a duty or obligation to a particular person, nor create a relation between the master and the servant's guest not contemplated by the terms of the employment. Appellee can not be held liable as a carrier of passengers by reason of an unauthorized invitation or permission

given in his absence, and without his knowledge and consent.

In the case of *O'Leary* v. *Fash* (1923), 245 Mass. 123, 140 N. E. 282, an action brought to recover damages for personal injuries sustained when the plaintiff was thrown from a truck owned by the defendant and operated by a servant of the defendant, and upon which the plaintiff was riding with the permission of the defendant's servant, the lower court at the trial of the cause directed a verdict for the defendant. The evidence disclosed that the driver of the truck had been forbidden to permit anyone to ride thereon. Upon appeal the Supreme Court said: "In any aspect of her case the plaintiff must show that the driver of the truck in his conduct toward her was acting within the scope of the authority conferred upon him by the defendant. It is fundamental in the law of agency that the principal is responsible for all acts of his agent within the real or apparent scope of his authority, and conversely that the principal is not responsible for the acts of his agent outside the real or apparent scope of his authority. . . . No such authority arises by implication of law on the circumstances here disclosed. It is an obvious consequence of the principal's conduct in hiring a man to drive a truck in the delivery of freight *that the public have no right to infer and do not understand the principal to confer upon such driver the authority to transport guests.* . . . The plaintiff sought to be carried on a vehicle manifestly not adapted to transportation of passengers. ·

"An agent binds his principal only as to acts within the real or apparent scope of his authority. There is no implication from the fact that one is employed to drive a freight truck that he has authority from his employer to invite or to permit others to ride on the truck. The chauffeur in the case at bar, in permitting

or inviting the plaintiff to ride on the truck, was not pursuing any business of his employer but an independent and private purpose of his own. He was acting as his own master and not as the servant of the defendant. He was wholly outside the scope of his employment by the defendant both as to acceding to her request for a ride and as to the manner of his compliance with that request to carry her on her way.

"The defendant owed no duty to the plaintiff. The latter was not on his truck by his invitation or by the invitation of any one authorized to act for him. So far as concerns the plaintiff and her presence on his truck, *it is in law a matter of indifference to the defendant whether the driver of the truck exercised due care or was grossly negligent or was guilty of wanton or reckless conduct.* Every element entering into the conduct of the driver with reference to the plaintiff was disconnected with the trust reposed in him by the defendant. As to the plaintiff under the circumstances here disclosed, the driver from the beginning to the end of his relations with her was acting outside the scope of the authority conferred expressly or impliedly upon him by the defendant arising out of the employment. Hence the defendant is not responsible for his conduct. The driver was not the agent of the defendant in that particular." (Our italics.)

The authorities on the question presented are in conflict. The decided weight of authority is in accord with the conclusion we have reached. See *Smith* v. *The Louisville, etc., R. Co., supra; Cotton* v. *Carolina Transp. Co.* (1929), 197 N. C. 709, 150 S. E. 505; *Greeson* v. *Bailey* (1929), 167 Ga. 638, 146 S. E. 490; *Magnolia Petroleum Co.* v. *Winkler* (1931), (Tex. Civ. App.), 40 S. W. (2d), 831; *Thomas* v. *Magnolia Petroleum Co.* (1928), 177 Ark. 963, 9 S. W. (2d), 1; *Hughes* v. *Murdoch Storage, etc., Co.* (1920), 269 Pa. 222, 112 Atl. 111; *Mc-*

*Queen* v. *Peoples Store Co.* (1917), 97 Wash. 387, 166 Pac. 626; *Barker* v. *Dairymen's Milk Products Co.* (1921), 205 Ala. 470, 88 So. 588; *Daugherty* v. *Chicago, Milwaukee and St. Paul Ry. Co.* (1908), 137 Iowa 257, 114 N. W. 902; *Zampella* v. *Fitzhenry* (1922), 97 N. J. L. 517, 117 Atl. 710.

The court did not err in sustaining the demurrer to each paragraph of the amended complaint. Judgment affirmed.