COUSINS, BY NEXT FRIEND *v.* GLASSBURN.

[No. 27,341. Filed February 5, 1940.]

*Seebirt, Oare & Deahl, Robert L. Oare,* and *James Thornburg,* all of South Bend, for appellant.

*Doran, Manion & Dempsey,* of South Bend, for appellee.

SWAIM, J.—This action arose out of an accident which occurred on Lincoln Way West, a through arterial highway in the city of South Bend, Indiana. The neighborhood of the accident is a closely built-up section of said city, having both residential and commercial buildings. The street is paved with asphalt, is about fifty-two feet wide and has a double line of street railway tracks upon and along said street in the central portion thereof. At the time of the accident, traffic on said street was heavy and the surface of said street was wet and slippery, due to a recent rain.

Considering only the evidence most favorable to the appellee we find that he was driving in a southwesterly direction along the right side of said street at a speed of from fifteen to twenty miles per hour; that at a point about one thousand feet east of Cushing Street, an intersecting highway, while the appellee was passing another automobile, which was being driven in the same direction, the appellee's automobile tires slipped on the said street railway tracks and the appellee's automobile skidded along and across said street until it was on the left-hand side of said street, at which point it was in collision with the automobile being driven in a northwesterly direction along said street by the appellant; that appellant was driving his automobile at a rate of speed of some forty to fifty miles per hour; that he failed to see the appellee's automobile until he was within about fifty feet of it although there was nothing to obstruct his vision; that he saw appellee's automobile starting to skid; that he "just got" his foot on his brakes when the collision occurred; that although the appellee's automobile had practically come to a standstill at the time of the collision the force of the collision was so great that the automobile of the appellee was damaged beyond repair. The back seat of the appellant's car was torn loose and thrown up over the front seat and the hood of his automobile was torn off and thrown down the street twenty or thirty feet ahead of his automobile, indicating the force with which appellant's automobile struck the automobile of appellee.

The appellant, plaintiff below, brought this action for personal injuries against the defendant, alleging that the defendant negligently drove his said automobile

"at a high and dangerous rate of speed, i. e. from thirty to thirty-five miles per hour, which endan-

gered the life or limb of other persons in the lawful use of said highway at said time and place;

"That the defendant disregarded the said wet and slippery condition of the pavement and drove said automobile at said high and dangerous rate of speed, which speed was greater than was reasonable or prudent having regard to the width and condition of the highway as aforesaid, the density of the traffic as aforesaid, the condition of the weather and use of said highway. . . .

"That the defendant at said time and place, while driving at said high and dangerous rate of speed attempted to pass an automobile driven in the same direction as that of the defendant and, at the point of junction of said Lincoln Way West with said Leland Avenue, the defendant while in the act of passing said automobile as aforesaid negligently attempted to negotiate a turn to defendant's left across the northerly half of said Lincoln Way West into the said Leland Avenue;

"That by reason of the negligence of the defendant as aforesaid, the automobile which defendant operated skidded over on the northerly side of said Lincoln Way West and into and against the automobile driven by this plaintiff. . . ."

There is no evidence in the record to sustain the appellant's contention that the appellee attempted to make a turn to his left into Leland Avenue.

To this complaint the defendant filed an answer of general denial and the jury returned a verdict in his favor. The only error assigned is the overruling of the motion for new trial, which set out eighteen reasons for a new trial.

Propositions I, II, III, IX, XI, XIII, XIV, XV, and XVI, advanced by the appellant in his brief under the heading "Propositions, Points, and Authorities," all deal with alleged errors of the trial court in the giving and refusing to give certain instructions, and in the admission of and the refusal to strike out and withdraw from the jury certain evidence. All

of the instructions discussed under these propositions deal with the question of liability for an aggravation of the appellant's injuries from improper medical treatment. All of the evidence objected to under these propositions was offered in an attempt to limit the amount of the judgment by showing that appellant's injury was aggravated by improper medical treatment; or that the amount of the damages demanded by him was greater than his actual damage. Any error of the court which could affect only the question of liability for the aggravation of plaintiff's injury by improper treatment, or the amount of such aggravation or could only affect the amount of the damages to which the plaintiff was entitled was harmless error, where, as here, the jury found that there was no liability on the defendant. *Chestnut* v. *Southern Indiana R. Co.* (1901), 157 Ind. 509, 514, 62 N. E. 32; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 61 N. E. 565. Therefore, since any possible error sought to be established by the above numbered propositions was harmless error, we shall not further consider such propositions.

Appellant's proposition numbered IV presents the contention that the court erred in giving to the jury defendant's instruction numbered 9, which instruction defines contributory negligence without stating that such negligence must proximately contribute to the injury. The appellant insists that this instruction could not be corrected by another instruction, but should have been withdrawn. We are of the opinion, however, that the jury could not have been misled or confused by this instruction. It was immediately followed by defendant's instruction numbered 12, which gave a more complete definition of contributory negligence and informed the jury that in order to defeat the action such negligence on the part

of the plaintiff must have "proximately contributed to his injury." When hearing these instructions read by the court the jury would naturally consider the two as a complete definition by the court of contributory negligence. These two instructions, when so read and considered together, give the jury such a definition of contributory negligence that the appellant could not have been harmed thereby.

The appellant also contends that defendant's instruction numbered 15 was erroneous because said instruction, after quoting § 47-516, Burns' 1933, § 11169, Baldwin's 1934, as to speed limits, concluded by instructing the jury that if they found from all the evidence that plaintiff violated said speed law and such violation "materially" contributed to the injury their verdict should be for the defendant. The appellant insists that there could be no such causal connection between the speed of the plaintiff's automobile and the collision as to constitute contributory negligence which would defeat plaintiff's action. With this contention we cannot agree. One of the first cases to announce the rule of contributory negligence was the early English case of *Butterfield* v. *Forester* (1809), 11 Easts Reports 59. In that case the defendant had put up a pole across part of a public road. It was shown that the obstruction was visible for a distance of one hundred yards. Evidence was introduced to show that if the plaintiff had not been riding very hard he might have observed and avoided it. The plaintiff, however, "who was riding violently did not observe it, but rode against it." On this evidence the trial judge directed the jury "that if a person riding with reasonable and ordinary care could have seen and avoided the obstruction; and if they were satisfied that the plaintiff was riding along the street extremely hard, and without

ordinary care, they should find a verdict for the defendant." In affirming a judgment for the defendant Lord Ellenborough, C. J., said, "A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he does not himself use common and ordinary caution to be in the right. In cases of persons riding upon what is considered to be the wrong side of the road, that would not authorize another purposely to ride up against them. One person being in fault will not dispense with another using ordinary care for himself. Two things must concur to support this action, an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." The principle recognized in that case has been followed by the courts down to the present time and so in this case if the plaintiff was negligently driving his automobile at an unlawful rate of speed and such negligence materially helped to cause the injury, the verdict should have been for the defendant. The appellant insists that the use of the word "materially" instead of the word "proximately" constitutes reversible error. Webster's New International Dictionary gives the following common definition for the word "materially," "In an important manner or degree; substantially." Ballentine's Law Dictionary states that "to contribute is to help to cause or to furnish some aid in causing the result." The failure to use the word "proximate" in defining "contributory negligence" does not constitute error if other words are used which exclude the idea of a remote, indirect or insignificant causal connection between the negligence and the accident. The question of contributory negligence does not arise except in a case where it has been shown that the defendant was guilty of negligence which was a proximate cause of

the injury. To establish the defense of contributory negligence it is, therefore, not necessary to show that the plaintiff's negligence was the sole proximate cause of the injury but only that it was a concurring or co-operating proximate cause.

The rule was stated by this court in the early case of *The Toledo and Wabash Railway Company* v. *Goddard* (1865), 25 Ind. 185, 197. "It is the well settled doctrine of the law, that a plaintiff cannot re-cover in such a case, if it appears that by the want of ordinary care or prudence on his part he directly contributed to the injury, or in other words, if by the exercise of ordinary care and prudence he might have avoided the injury. Where negligence is the issue, it must be a case of unmixed negligence to justify a recovery; and if both parties, by their negli-gence, immediately contributed to produce the injury, neither can recover."

The appellant complains of defendant's instructions numbered 16, 17 and 18 for the reason that each of said instructions contained the following state-ment, "The court further instructs you that it was as much the duty of the plaintiff, Graham Cousins, to avoid the accident as it was the defendant, Harold P. Glassburn, to do so." Appellant apparently makes this contention on the theory that the defendant was under a different and greater duty than this plain-tiff. The accident occurred on a public street. Each of the parties had an equal right to the use of the street. Each was bound to use ordinary care to avoid an acci-dent. Said three instructions, after the above state-ment, advised the jury that even though they found that the defendant negligently caused his automobile to be on the North side of the roadway, still they should find for the defendant if they further found from all

the evidence that the plaintiff could, in the exercise of reasonable care, have avoided the accident by, (1) applying his brakes, (2) turning his car either to the right or left, and (3) keeping a proper lookout of the roadway; and that his failure so to do proximately contributed to the accident. The appellant insists that there was no evidence at the trial to justify the giving of any of these instructions. The physical facts surrounding this action, together with the testimony given by the witnesses, furnished a basis from which the jury might have inferred that the plaintiff was negligent in any one of these three particulars and that such negligence proximately contributed to the accident.

Nor can we agree with appellant's contention that the three instructions as given in succession place such undue emphasis on the duty of the plaintiff as to amount to a peremptory direction to the jury to find for the defendant or as to constitute reversible error. *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 266, 112 N. E. 775. A consideration of all of the instructions given by the court in this case convinces us that the instructions as a whole were not prejudicial to the appellant and did not deprive him of any substantial rights.

The sole negligence charged against the defendant in the plaintiff's complaint, on which there was any evidence, was that the defendant negligently drove his car at a high and dangerous rate of speed in passing another automobile. On this question the jury, from the evidence, could have found that the defendant was going less than twenty miles per hour. The jury could, therefore, have found that the defendant was not guilty of any negligence charged in the complaint. If, however, the jury found that the defendant was negligent in the manner of operating his automobile and that such

negligence caused his automobile to skid across the street, the evidence was such that the jury could very properly have found that the plaintiff was guilty of such negligence as to defeat his action.

After other witnesses had testified that he was driving thirty-five to forty miles per hour and the appellee and his wife had testified that the appellant had said that he was driving fifty miles per hour, the appellant, in rebuttal, denied making the state-ment that he was traveling fifty miles per hour but did not deny that he was driving fast. The lowest estimate made of the speed of appellant's automobile was thirty-five miles per hour. From the effects of the collision it is evident that his car was traveling at a high rate of speed. In his complaint he charged that under the conditions at the time and place of the accident a speed of thirty to thirty-five miles per hour was "negligent, reckless and unlawful and such as to endanger the life and limb of other persons in the use of said highway." By the undisputed evidence and the allegations of his complaint he was therefore guilty of operating his own automobile at the time of the accident in a negligent, reckless and unlawful manner. It is hard to see how the jury could, on the evidence, have done otherwise than to have found him guilty of negligence proximately contributing to the accident.

Finding no reversible error the judgment is in all things affirmed.

NOTE.—Reported in 24 N. E. (2d) 1013.