PHYLLIS FLYNN ET UX. *v.* RICHARD REBERGER.

[No. 1170A195. Filed June 15, 1971.]

*William D. Hall,* of Indianapolis, for appellants.

*Roy A. Pope, Albert W. Ewbank,* of Indianapolis, foɪ appellee.

SULLIVAN, P.J.—In an intersectional right-angle automobile collision, plaintiff Phyllis Flynn sustained personal injury. A consolidated trial to the court without a jury was had upon her complaint for damages and that of her husband for medical expenses and loss of services. The two complaints were virtually identical, the first paragraph of which alleged negligence on the part of the defendant and the second of which alleged facts which if true would indicate the applicability of the doctrine of last clear chance. The trial court's finding and judgment was for defendant-appellee upon both paragraphs of both complaints. Appellants assign as

error that the decision was contrary to law and contrary to the evidence, which specifications are argued together.

An additional error is asserted by way of the affidavit of plaintiff-appellants' counsel which states that during mid-trial a conference took place in chambers among both counsel and the court, at which time the court indicated that it would permit neither certain testimony nor photographic evidence relative to post-accident experiments or accident reconstruction.

The latter specification presents no cause for reversal. One of the two photographic exhibits in question was in fact admitted into evidence. The other was never offered. Further, the testimony of the various witnesses together with the various photographs in evidence clearly and adequately portrayed the "lay of the land" at the intersection involved. The court was fully apprised of the physical facts concerning the condition of the intersection at the time of the accident.

With reference to the proffered testimony of plaintiffs' accident reconstruction expert, counsel's affidavit does not set forth, other than in a general way, what evidence was excluded. Counsel does not set forth any specific question or questions to which objections were sustained. Nor was an offer to prove made as required by Trial Rule 43(C). The general colloquy between plaintiffs' counsel and the court as to the purpose of the offer of the various photographic exhibits heretofore discussed was not a sufficient offer. *Lipner* v. *Lipner* (1971) 256 Ind. 151, 267 N. E. 2d 393; 3 Harvey, Indiana Practice, Sec. 43.3, page 274.

The main thrust of appellants' argument, however, relates to the sufficiency of the evidence and the "contrary to law" assertions. Of course, plaintiffs having suffered a negative decision and judgment cannot successfully advocate that the evidence was insufficient to sustain such decision. *Mitchell* v. *Lawson* (1969) 145 Ind. App. 141, 250 N. E. 2d 259.

In essence, the evidentiary controversy concerns whether

plaintiff Phyllis Flynn stopped at the preferential road upon which defendant was traveling and whether plaintiff saw or should have seen defendant's automobile approaching even though the latter may have been operated negligently at a high rate of speed. Without making unnecessary recitation of all the evidence, suffice it to say that the evidence was in conflict concerning defendant's speed and the point at which defendant's automobile was located at the time plaintiff entered and proceeded across the intersection.

Appellants make a bifurcated presentation in this regard. They first contend that by denying defendant's Motion for Finding and Judgment at the Conclusion of All the Evidence the trial court necessarily found that Mrs. Flynn was not chargeable with contributory negligence. Such contention is speculative at best.

It must be pointed out that the Rules of Civil Procedure do not contemplate motions such as presented by defendant below except when the cause is heard before a jury. As Professor Harvey states in his treatise concerning the new Rules:

> "A Motion under [Trial Rule 50] would be inappropriate in an action tried by the court if for no other reason than by it counsel would be asking the court to direct itself to do a certain thing." 3 Harvey, Indiana Practice, Sec. 50.2, pp. 369-370.[1]

Defendant's Motion herein can in no way be considered as a request for Findings pursuant to Trial Rule 52. Said Motion was presented as follows and was clearly intended as the equivalent of a Motion for Directed Verdict:

---

1. Even under the prior Rules of Procedure the court's ruling upon the Motion would have been proper upon strictly procedural grounds. As stated in *Farm & Home Ins. Co.* v. *Templeton* (1967) 142 Ind. App. 110, 116, 232 N. E. 2d 367:

> "[W]e do not feel that the appellant was prejudiced by the court's overruling of his motion for a finding at the conclusion of all the evidence, as the court must make a finding whether such a motion is filed or not."

"MR. POPE: Will you let record show, please, the defendant at the close of all of the evidence of the plaintiffs and defendant and each party having rested, the defendant now renews his motion that there be a finding for the defendant and against the plaintiff on her complaint for the reason that the evidence discloses clearly that plaintiff was guilty of contributory negligence which was the proximate result and which proximately contributed to her injuries and damages as testified to."

Quite a different question might have been presented by the overruling of a Motion for Dismissal at the conclusion of plaintiffs' evidence pursuant to Trial Rule 41(B). Defendant made such a motion in the cause below. It was taken under advisement, however, and never ruled upon by the court; nor do appellants contend that the failure of the court to rule thereon had any effect upon the validity of the decision and judgment.

It is much more likely that the court below recognized that defendant's Motion at the conclusion of all the evidence was a procedural nullity than that it considered such Motion and overruled it upon the merits. The court in its ruling did not state its reasoning. It is therefore improper for appellants to speculate concerning the subjective state of mind of the trial court at that point with reference to the existence or nonexistence of contributory negligence. It is apparent that it was proper to overrule defendant's Motion for the simple reason that the Motion was procedurally inappropriate. It is equally clear that such ruling had no substantive legal significance.

The second barrel of appellants' argument concerning the correctness of the decision below is aimed at the judgment against them upon the second paragraphs of the complaints which purport to allege a right of recovery premised upon the doctrine of last clear chance. Appellants seek support in the finding announced from the bench by the court at the conclusion of the trial. The court said:

"The plaintiff had the burden of proof to sustain her complaint that the accident was caused by the alleged negligence of the defendant.

"This burden she has failed to establish by a fair preponderance of all the evidence.

"In fact, the evidence leaves no other conclusion to a trial tribunal except that such negligence was the proximate cause of her accident and subsequent injuries.

"Therefore the plaintiff cannot prevail in this law suit, and the defendant must have the verdict.

"Therefore the finding and verdict of this trial court must be that the plaintiff take nothing by her complaint. Costs will be rendered versus Plaintiff.

"MR. HALL: Your Honor, there was a Second Paragraph on the doctrine of last clear chance. We had this question in reference to this.

"THE COURT: The Court feels she was negligent.

"On the Second Paragraph of last clear chance, the Court finds the plaintiff had the last clear chance."

It is the position of appellants that by finding Mrs. Flynn to have been negligent the court was required to apply the last clear chance doctrine in her favor. To the contrary, the finding of the court would indicate that he felt that in the exercise of reasonable care she had the last reasonable opportunity to avoid the accident.

Last Clear Chance is not a separate theory of recovery which need be pleaded. It is applicable in any negligence case where the facts justify its employment. The doctrine is not applicable, however, except as it may permit a recovery despite plaintiff's contributory negligence. Thus it is not appropriate to say that a plaintiff had the last clear chance. *City of Michigan City* v. *Werner* (1916) 186 Ind. 149, 114 N. E. 636; *Stallings et al.* v. *Dick* (1965) 139 Ind. App. 118, 210 N. E. 2d 82; *Dempsey* v. *Test* (1933) 98 Ind. App. 533, 184 N. E. 909. Notwithstanding the fact that the court misspoke the doctrine's application, such does

not detract from the correctness of his ultimate decision under the evidence upon plaintiffs' complaints.

The evidence favorable to defendant concerning Mrs. Flynn's contributory negligence was to the effect that although her brake lights came on as she neared the intersection, she did not stop. Rather, she crept into the intersection and merely hesitated before starting across. She testified that she looked south in the direction from which defendant was approaching but saw no cars coming. There was testimony by a deputy sheriff that from his car visibility at that point to the south was not obscured. Other witnesses, however, stated that a "Road Under Construction" sign blocked vision to the south from an eastbound vehicle stopped at the intersection. Further, reasonable minds could have differed concerning the defendant's speed and whether or not such speed constituted a self-created condition which defendant was unable to control by the exercise of reasonable care after discovering the plaintiff's presence in the intersection. The evidence was clearly conflicting. We hold that it was proper for the court to find that plaintiff Phyllis Flynn was contributorily negligent and that the defendant did not in fact have the last clear chance to avoid the collision.

Judgment affirmed.

Buchanan, Lowdermilk, and Robertson, JJ., concur.

NOTE.—Reported in 270 N. E. 2d 331.