Eleanor J. CARROLL,
Plaintiff-Appellant,

v.

Robert E. ELY, Defendant-Appellee.

No. 3–477A111.

Court of Appeals of Indiana,
Third District.

Jan. 17, 1980.

Fergus M. Kear, Kear & Swihart, Fort Wayne, for plaintiff-appellant.

John D. Walda, Barrett, Barrett & McNagny, Fort Wayne, for defendant-appellee.

HOFFMAN, Judge.

Eleanor Carroll filed this suit against Robert Ely, seeking damages for the wrongful death of her son, Steven Carroll. At the close of Carroll's case, the trial court granted Ely's motion for judgment on the evidence. *See,* Ind. Rules of Procedure, Trial Rule 50(A).

In this appeal, Carroll argues that the court below erred when it excluded certain testimony of her expert witness, when it granted Ely's TR. 50 motion and when it excluded evidence of damages which she would have suffered after Steven reached the age of majority.

## I.

Carroll draws this Court's attention to a number of occasions during the trial when the court sustained Ely's objections to questions propounded to her expert witness, Mr. Brandt. However, on none of those occasions did Carroll make an offer of what she expected to prove by the answers of Mr. Brandt. *See*, Ind. Rules of Procedure, Trial Rule 43(C). She therefore failed to preserve for review in this Court any error in the exclusion of those answers. *Christian Super Chevrolet Corp. v. State* (1976), Ind. App., 346 N.E.2d 602, at 604; *Gradison v. State et al.* (1973), 260 Ind. 688, at 706, 300 N.E.2d 67, at 80; *See also: Flynn v. Reberger* (1971), 149 Ind.App. 65, at 66, 270 N.E.2d 331, at 333.

## II.

The circumstances under which the collision between Steven Carroll and the Ely automobile occurred are not in dispute. Robert and Bonnie Ely were travelling west on State Road 37, a two-lane 24-foot-wide highway, at night. Robert was driving. Their car was moving at a speed of 50 miles per hour, though the posted speed limit was, at that time, 65 miles per hour.

The collision occurred at the point where Imperial Park Drive terminated at its intersection with State Road 37. That intersection was partially illuminated by two streetlamps which were set back some distance north of State Road 37 on Imperial Park Drive. At the intersection there was, in addition to the two driving lanes, a 12-foot-wide passing lane for eastbound traffic on State Road 37.

When the Ely automobile approached this intersection, there was a car either stopped or moving slowly in the eastbound passing lane. No other traffic was present. Bonnie observed a man run from behind the car, and she shouted "Man!" Robert immediately applied their car's brakes, but was unable to avoid hitting the man, who had continued running across State Road 37 and into the path of the Ely automobile. As a result, the far right front fender of the Ely automobile struck the man, later identified as Steven Carroll, resulting in his death.

Although it is questionable whether there was any negligence on the part of Robert Ely, it is plain from the uncontradicted evidence set out above that Steven Carroll was contributorily negligent as a matter of law:

"The prevailing Indiana rule is that contributory negligence is generally a question of fact for the jury to determine where the facts are such as to be subject to more than one reasonable inference. However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one of law. [Citations omitted.]

"The Supreme and Appellate Courts have many times recognized the test for 'negligence as a matter of law' to be that negligence which is so clear and palpable that no verdict could make it otherwise. [Citations omitted.]

"In applying this test both the Supreme and Appellate Courts have adopted the rule that the voluntary conduct of one exposing himself to dangers which are so obvious, imminent and glaring that no reasonable man exercising due care for his safety would have hazarded them is negligence as a matter of law." [Citations omitted.] *Stallings et al. v. Dick* (1965), 139 Ind.App. 118, at 124–125, 210 N.E.2d 82, at 86. *See also: Meadowlark Farms, Inc. v. Warken* (1978), Ind.App., 376 N.E.2d 122; *Koroniotis v. LaPorte Transit, Inc. et al.* (1979), Ind.App., 397 N.E.2d 656.

When Steven ran across the roadway at a place where there was no crosswalk, he failed to yield the right-of-way to the Ely vehicle as required by law. *See*, IC 1971, 9–4–1–88(a) (Burns Code Ed.). Furthermore, when he ran across the road at night, having run out into the path of the oncoming Ely automobile from behind the only other vehicle upon the road, he clearly failed to exercise reasonable care for his own safety.

On this record, it cannot seriously be questioned that Steven "voluntarily expos[ed] himself to clear and obvious dan-

gers." *Stallings, supra,* at 210 N.E.2d 87. Consequently, there could be no recovery against Ely, even if Steven's conduct was not the sole proximate cause of the collision, *Cousins v. Glassburn* (1940), 216 Ind. 431, at 439, 24 N.E.2d 1013, at 1016; *Koeneman v. Aldridge* (1954), 125 Ind.App. 176, at 192, 122 N.E.2d 345, at 353, for a plaintiff's (here, plaintiff's decedent's) contributory negligence is a complete defense, independent of any negligence of the defendant. *Chamberlain v. Deaconess Hospital, Inc.* (1975), 163 Ind.App. 324, at 329, 324 N.E.2d 172, at 176. Accordingly, there was no error in granting Ely's TR. 50 motion.

Because of this Court's disposition of the issues discussed above, it is unnecessary to address Carroll's third argument regarding damages.

For all the foregoing reasons, the judgment below is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.